1. CRIMINAL LAW (§ 814*)—TRIAL—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

Where a witness testified that he saw accused and another party holding deceased, while a third party stabbed him, a refusal to charge on circumstantial evidence was not error.

[Ed. Note.—For other cases, see .Criminal Law, Cent. Dig. §§ 1821, 1833, 1839, 1860, 1865, 1883, 1890, 1924, 1979–1985, 1987; Dec. Dig. § 814.*]

2. CRIMINAL LAW (§ 720*)—ARGUMENT OF COUNSEL—STATEMENT OF FACTS.

It was improper for the district attorney in his argument to say that a witness testified to the same facts at the examining trial as on the final trial, where, as shown by the record, there was a difference in the testimony given on the two trials, since attorneys, in making statements of fact, should keep within the record. -

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1670, 1671; Dec. Dig. § 720.*]

3. CRIMINAL · LAW (§ 940*)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—MATERIALITY.

A new trial for homicide should be granted, where it appears that a witness will testify that he killed deceased in self-defense, that accused was not present and had nothing to do with the killing, and it also appears that such witness could not testify on the first trial, because he was then under indictment, but that he has since been tried and acquitted.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2324–2327; Dec. Dig. § 940.*]

Appeal from District Court, San Patricio County.

Juan Sylvas was convicted of murder in the second degree, and he appeals. Reversed and remanded.

Pope & Taylor, of Corpus Christi, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of murder in the second degree; his punishment being assessed at five years' confinement in the penitentiary.

[1] The motion for new trial complains of the refusal of the court to charge on circumstantial evidence. We are of opinion the court was correct in not charging on this issue, or at least there was no error in failing so to charge. One of the witnesses testified that he saw the defendant and another party holding the deceased while Baldemero Franco was stabbing him with a knife.

[2] There was a bill of exceptions reserved to the statement of the district attorney to the effect "that Justo Cortiñez testified to the same facts in the examining trial as he did in this trial." Upon another trial the district attorney should refrain from using such expression. The record shows some difference between the testimony of that witness on the final ·trial ·and that delivered by him on the examining trial. Attorneys should keep clearly within the record as to statement of facts in argument to the jury.

·: [3] Another ground of the motion for new trial shows that, two days after the conviction of appellant, Baldemero Franco was placed upon his trial and acquitted. An affidavit was attached to the motion for new trial, showing that Baldemero Franco testified upon his trial that he killed the deceased, and appellant had nothing to do with it, and was not present. Witnesses testified during the trial to the effect that appellant was not present at the time of the difficulty and did not participate in it. His presence and participancy was an issue before the jury in the final trial of appellant, and decided against him by the jury in their verdict. Franco could not testify at the time of appellant's trial, but subsequent to appellant's conviction he was tried and acquitted. Without stating the facts set out in Franco's affidavit in detail, it is stated, in substance, that he would have testified positively that appellant was not present and had nothing to do with the difficulty, and that he (Baldemero Franco) was engaged in the difficulty with the deceased, and cut him, from which cutting he died. He further states that he killed the deceased in self-defense, and the jury took his view of it upon his trial and acquitted him. This for the first time rendered Baldemero Franco a competent witness in the case. Under the statute he was prohibited from testifying, having been indicted, and the indictment still pending for the same offense of which appellant was tried. This testimony was very material to the appellant, and in our judgment the court should have awarded a new trial under a long list of authorities in this state. Chumley v. State, 32 Tex. Cr. R. 255, 26 S. W. 406; Gibbs v. State, 30 Tex. App. 581, 18 S. W. 88; Helm v. State, 20 Tex. App. 41; Howell v. State, 10 Tex. App. 298; Ellis v. State, 10 Tex. App. 540; Rucker v. State, 7 Tex. App. 549; Brown v. State, 6 Tex. App. 286; Williams v. State, 4 Tex. App. 5; Huebner v. State, 3 Tex. App. 458; Rich v. State, 1 Tex. App. 206.

The law of principals was hardly sufficiently presented in the charge of the court. This, however, will be remedied upon another trial.

The judgment is reversed, and the cause is remanded.

## BROWN v. STATE.

(Court of Criminal Appeals of Texas. Nov. 6, 1912.)

CRIMINAL LAW (§ 1159*)—APPEAL—REVIEW—CONFLICTING EVIDENCE.

A conviction of theft cannot be disturbed because of defendant's testimony that he took the property with the owner's consent, this be-

ing merely in conflict with evidence justifying the court's finding.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3074–3083; Dec. Dig. § 1159.*]

Appeal from Tarrant County Court; R. E. Bratton, Judge.

Watt Brown was convicted, and appeals. ·Affirmed.

S. O. Lovejoy, of Ft. Worth, for appellant. C. E. Lane, Asst. Atty. Gen., for the State. ·

DAVIDSON, P. J. Appellant was convicted of misdemeanor theft; his punishment being assessed at a fine of $10 and one day in the county jail.

The record is before us without bills of exception or a motion for new trial. The case was tried before the court without a jury, and an inspection of the facts, we think, justified the finding of the court. We are not apprised what appellant's contentions are, except from his brief. He contends that the alleged stolen property was taken with the consent of the owner; but the owner testifies the other way. We deem it unnecessary to review the facts. The court was justified in his finding, and we would 'not be authorized to set it aside under the record.

The judgment is affirmed.